**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Brent Lawrence MYERS, Defendant—
Appellant.**

No. 04–30112.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 10, 2005.

Decided March 24, 2005.

Reagan B. Dunn, Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Rita J. Griffith, Esq., Griffith & Cole, Seattle, WA, for Defendant–Appellant.

Before: FERNANDEZ, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM *

Brent Lawrence Myers appeals his conviction for possession of marijuana with intent to distribute and importation of marijuana, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C), 952(a), 960(a)(1), and 960(b)(3). His sole contention on appeal is that the district court erred in denying his motion to suppress evidence discovered during a border search of his vehicle because that search violated his Fourth Amendment rights. Because we conclude, however, that the search was a routine border search that did not require reasonable suspicion, the district court properly denied Myers' motion to suppress. Therefore, we affirm.[1]

We review de novo the district court's denial of a motion to suppress and the district court's determination of whether the government conducted a legal border search. United States v. Cortez–Rocha, 394 F.3d 1115, 1118 (9th Cir.2005) (citing United States v. Camacho, 368 F.3d 1182, 1183 (9th Cir.2004)).

"The Fourth Amendment commands that searches and seizures be reasonable."

United States v. Montoya de Hernandez, 473 U.S. 531, 537, 105 S.Ct. 3304, 87 L.Ed.2d 381 (1985). Based upon "Congress' power to protect the Nation by stopping and examining persons entering this country, the Fourth Amendment's balance of reasonableness is qualitatively different at the international border than in the interior." Id. at 538, 105 S.Ct. 3304. "[N]ot only is the expectation of privacy less at the border than in the interior ... [but] the Fourth Amendment balance between the interests of the Government and the privacy right of the individual is also struck much more favorably to the Government at the border." Id. at 539–40, 105 S.Ct. 3304 (internal citations omitted). In accord with this reasoning, we recently held in Cortez–Rocha that a border search of a vehicle that involved cutting open a spare tire was a routine search that did not require reasonable suspicion because such a search "neither damages the vehicle nor decreases the safety or operation of the vehicle ... [and] is not so destructive as to be unreasonable." 394 F.3d at 1119.

Myers argues that, pursuant to United States v. Flores–Montano, 541 U.S. 149, 124 S.Ct. 1582, 158 L.Ed.2d 311 (2004), drilling a small hole into an externally-mounted box, located in the bed of his truck, which was partially taken up with a fuel storage tank, was unreasonably destructive and hence non-routine.[2] Drilling into such a compartment, however, like cutting into a spare tire, is not unreasonably destructive because it does not damage the vehicle, decrease its safety, or

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

2. In Flores–Montano, the Court indicated the possibility that "some searches of property are so destructive as to require" reasonable suspicion. Flores–Montano, 124 S.Ct. at 1587. The Court explicitly left open, however, the question of "whether, and under what circumstances, a border search might be deemed 'unreasonable' because of the particularly offensive manner in which it is carried

affect its operation. Myers presented no reason for this court to believe that a small hole in this compartment would impact operation of the vehicle itself. *See Cortez–Rocha,* 394 F.3d at 1119–20 ("Although cutting a spare tire is certainly damaging to that tire, the important factor is whether the procedure results in significant damage to, or destruction of, the vehicle."). Therefore, as in *Cortez–Rocha,* the challenged procedure was "even less damaging to the vehicle than ... the removal and reassembly of a vehicle's gas tank," a procedure that could affect the vehicle's operation, yet does not require reasonable suspicion under *Flores–Montano. Id.* at 1120.

Because the search of Myers' vehicle was a routine, non-destructive border search that did not require reasonable suspicion, the judgment of the district court is

AFFIRMED.

out." *Id.* at 1586 n. 2 (internal citations omitted).